IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ONESIMO GARCIA,

        Petitioner,

  v.

J. ADAMS, Warden,

        Respondent.
                                        /

No. C 10-02050 SBA (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE**

Petitioner, a state prisoner, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also seeks leave to proceed in forma pauperis. The petition contains three claims, one of which Petitioner asserts was presented to the California Supreme Court; the second (ineffective assistance of appellate counsel) and third (cumulative error) claims have not been presented to any state court. Petitioner admits that he did not exhaust his state remedies as to the two aforementioned claims before filing this petition.

**DISCUSSION**

**A.**    **Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B.     Legal Claims**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982)

As mentioned above, Petitioner did not present two of his claims to the state supreme court for review, either in a petition for review or in a state petition for a writ of habeas corpus.  Therefore, his federal petition is mixed, that is, contains both exhausted and unexhausted issues.  The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  Rose, 455 U.S. at 522.  Alternatively, the court may stay mixed petitions to allow the petitioner to exhaust in state court, Rhines v. Webber, 544 U.S. 269, 277 (2005), or petitioner may amend to delete the unexhausted issue, Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).  Petitioner will be ordered to show cause why this petition should not be treated as mixed.

If Petitioner is unable to show cause why this petition should not be treated as mixed, i.e., if he cannot show that the two claims are exhausted, he will be afforded the opportunity to elect one of three choices: (1) to dismiss the petition with an eye to exhausting and then filing a new petition containing all claims; or (2) to amend to delete the unexhausted claims and proceed with the exhausted one; or (3) to ask for a stay to allow exhaustion, see Rhines, 544 U.S. at 277-78. In Rhines, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  Id.  If the stay is granted, the petitioner's newly-exhausted claims will be not barred by the statute of limitations, because those claims remain pending in federal court.  King v. Ryan, 564 F.3d 1133, 1139, 1140 (9th Cir. 2009).

By contrast, where a petitioner deletes his unexhausted claims and seeks a stay of a fully-exhausted petition while he returns to state court to exhaust the unexhausted claims, no showing of

1 good cause is required to stay the petition.  Id.  Once the claims are exhausted, however, the
2 petitioner must amend his petition to add the newly-exhausted claims; importantly, such amendment
3 must take place within the one-year statute of limitation set forth at 28 U.S.C. § 2244(d)(1), or the
4 newly-exhausted claims will be dismissed as untimely.  Id. at 1140-41.

## **CONCLUSION**

Petitioner's application to proceed in forma pauperis is GRANTED.  Petitioner shall show cause why this petition would not be treated as mixed within **thirty (30) days** from the date of this Order.  If he concedes it is mixed he may elect among the three options set out above.  If he elects option three and asks for a stay to exhaust without deleting his unexhausted claims, he should address the Rhines requirements.

IT IS SO ORDERED.

DATED: 8/25/10

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\SBA\HC.10\Garcia2050.OSC-P.wpd 3

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONESIMO GARCIA, | Case Number: CV10-02050 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| J ADAMS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Onesimo Garcia F-86310
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532

Dated: August 25, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Garcia2050.OSC-P.wpd 4